IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA NAILS, | ) | 8:14CV76 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RON BLUMKIN, and NEBRASKA | ) | |
| FURNITURE MART, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on March 5, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff Angela Nails filed her Complaint against Nebraska Furniture Mart and Nebraska Furniture Mart President Ron Blumkin. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that, on February 3, 2014, Nebraska Furniture Mart security officers asked Plaintiff to leave one of the Nebraska Furniture Mart stores. (*See generally* Filing No. 1.) Plaintiff attached to her Complaint what appears to a "Ban & Bar Notice" that bans Plaintiff from entering any property owned or occupied by Nebraska Furniture Mart, Inc. (*See id.* at CM/ECF p. 12.) Plaintiff seeks $100,000.00 in damages from Defendants. (*Id.* at CM/ECF p. 5.)

II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

**III.  DISCUSSION OF CLAIMS**

Plaintiff sets forth that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

When a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). The complaint will be dismissed if it appears "to a legal certainty" that the value of the claim is actually less than the required amount. *Id.* In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Plaintiff has provided a Missouri address for herself and a Nebraska address for Defendants. (Filing No. 1 at CM/ECF p. 1.) Accordingly, the court can determine that Plaintiff's citizenship differs from Defendants' citizenship. However, the court has serious doubts that Plaintiff's claim for $100,000.00 in money damages is legitimate. Plaintiff fails to set forth any facts or legal theories for why Defendants should be liable to her for this amount. Thus, in accordance with *Trimble*, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject-matter jurisdiction. *See Trimble*, 232 F.3d at 959-60. This matter will not proceed until Plaintiff does so.

IT IS THEREFORE ORDERED that, on the court's own motion:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional limit.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 21, 2014: deadline for Plaintiff to amend.

4. Plaintiff must keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 18th day of June, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.