IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA NAILS, | ) | 8:14CV76 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RON BLUMKIN, and NEBRASKA | ) | |
| FURNITURE MART, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On June 18, 2014, the court conducted an initial review (Filing No. 10) of Plaintiff's Complaint. The court ordered Plaintiff to file sufficient evidence with the court showing that the claimed amount in controversy—$100,000.00—was legitimate. (Filing No. 10.) Plaintiff filed an Amended Complaint on June 26, 2014. (Filing No. 12.)

    Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (abrogated on other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). Further, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted). Thus, "the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." *Missouri ex rel. Pemiscot Cnty., Mo. v. Western Surety Co.*, 51 F.3d 170, 173 (8th Cir. 1995). "While a plaintiff's good faith allegation is to be taken as true unless challenged, a plaintiff who has been challenged as to the amount in controversy has the burden of showing that the diversity jurisdiction requirements have been met." *Burns v. Massachusetts*

*Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Here, Plaintiff has not met her burden of demonstrating that the amount-in-controversy requirement has been met. Plaintiff claims that a security officer at Nebraska Furniture Mart read a trespass warning to her in front of other customers. Plaintiff claims to have been harmed because she was embarrassed and because her face was exposed to the security officer's "human air breath." (Filing No. 12 at CM/ECF p. 2.) Plaintiff offers no allegation or evidence to support the asserted amount of damages. Her bare allegations are insufficient to prove by a preponderance of the evidence that her claims meet an amount in controversy exceeding $75,000.00.

Plaintiff has had an opportunity to substantiate the amount in controversy, but has not provided any support for her alleged damages. Accordingly, Plaintiff has not met her burden and this court lacks subject-matter jurisdiction over her claims.

IT IS THEREFORE ORDERED that:

1. For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated June 18, 2014, this matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of August, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.